UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAMELA N. WEBB O/B/O W.I.C.B.,

DECISION AND ORDER

Plaintiff,

17-CV-6105L

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

Defendant.
_____


Plaintiff, on behalf of her minor son, W.I.C.B., appeals from a denial of disability insurance benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On January 15, 2013, the plaintiff filed an application for Supplemental Security Income on behalf of W.I.C.B. under Title II of the Social Security Act. Plaintiff alleged that W.I.C.B. had been disabled since August 1, 2012. (Dkt. #8 at 42). Her application was initially denied, and a hearing was held on December 3, 2014 before Administrative Law Judge ("ALJ") Conner O'Brien. The ALJ issued a decision on September 18, 2015, concluding that W.I.C.B. was not disabled under the Social Security Act. (Dkt. #8 at 42-56). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 20, 2016. (Dkt. #8 at 1-4). Plaintiff now appeals.

For the reasons that follow, I find that the Commissioner's conclusions are not supported by substantial evidence. The Commissioner's cross motion for judgment on the pleadings

pursuant to Fed. R. Civ. Proc. 12(c) (Dkt. #16) is denied, plaintiff's motion for judgment on the pleadings (Dkt. #12) is granted, and the matter is remanded for further proceedings.

## DISCUSSION

Claimant was born July 19, 2002, and was ten years old as of the alleged onset date. (Dkt. #8 at 176).[1] Because the claimant is a child, a particularized, three-step sequential analysis is used to determine whether he is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. *See* 20 CFR §416.924. If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. If not, the analysis concludes with a finding of "not disabled." If the claimant does have a severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.926) – that is, if the child's impairments are functionally equivalent in severity to those contained in a listed impairment – the claimant is disabled. *See* 20 CFR §416.926(a). If not, he is not disabled. In making this assessment, the ALJ must measure the child's limitations in six areas: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. *See* 20 CFR §416.926a(b)(1). Medically determinable impairments will be found to equal a listed impairment

---

1 The ALJ's decision erroneously refers to plaintiff, born July 19, 2002, as a "preschooler on January 15, 2013, the date the application was filed." (Dkt. #8 at 45). Plaintiff was ten years old on that date, making him a "school-age child" throughout the majority of the relevant period, and a thirteen-year-old "adolescent" by the time the ALJ's decision was rendered on September 18, 2015. *See* 20 CFR §416.962a(g)(2).

where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in one or more. 20 CFR §416.926a(a), (d) (emphasis added).

The Commissioner's decision that W.I.C.B. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

Upon careful review of the record, I believe that the ALJ failed to grant due consideration to the evidence of record or to afford sufficient weight to the opinions of W.I.C.B.'s special education classroom teachers, in assessing his performance in the six relevant domains of functioning.

The ALJ first concluded that W.I.C.B.'s attention deficit hyperactivity disorder ("ADHD") and intermittent explosive personality disorder together constituted a severe impairment not meeting or equaling a listed impairment. She then proceeded to analyze whether W.I.C.B. has

"marked" or "extreme" limitations in any of the six domains of mental functioning, based on the medical, educational and testimonial evidence presented. After reviewing the evidence, the ALJ found that W.I.C.B. has "no" limitations in health and well-being and/or moving and manipulating objects, "less than marked" limitations in the domains of acquiring and using information, attending and completing tasks, and caring for himself, and a "marked" limitation in interacting and relating with others. (Dkt. #8 at 51-55).

In so finding, the ALJ indicated that she had accorded "great weight" to the "detailed" and "well-supported" report that was collectively prepared by "all [of W.I.C.B.'s] teachers" at a "7th grade staff meeting," and cosigned by his English Language Arts teacher Jan Hez, and special education teacher Hannah Cerra ("teachers' report"). (Dkt. #8 at 49). However, contrary to the ALJ's finding that W.I.C.B. is markedly impaired in only one domain, the teachers' report indicates that W.I.C.B. has several "serious" or "very serious" limitations in three of the six domains: attending and completing tasks, caring for himself, and interacting with others. (Dkt. #7 at 263-70). The teachers indicated that W.I.C.B. has "daily" and even "hourly" problems with a number of tasks in each of those three domains, including focusing on tasks and working without distracting himself and others, paying attention when addressed, working at a reasonable pace, respecting those in authority, seeking attention appropriately, handling frustration, and exercising patience. *Id*.

As such, the ALJ's ultimate finding that W.I.C.B. has "less than marked" limitations in attending and completing tasks, and caring for himself, conflicts significantly with the teachers' report, and the ALJ's decision not to credit the "serious and "very serious" issues it identifies is not explained or otherwise resolved. In fact, in assessing the domains of attending and completing

tasks and caring for oneself, the ALJ makes no mention of the teachers' report, and does not explain why she rejects the relevant limitations described therein. (Dkt. #8 at 51, 54).

Where there has been "no explanation provided, it is not possible for the Court to know why . . . the ALJ chose to disregard the evidence that was more favorable to plaintiff's claim . . ." *Raymer v. Colvin*, 2015 U.S. Dist. LEXIS 112218 at *18-*19 (W.D.N.Y. 2015) (quoting *Dioguardi v. Commissioner*, 445 F. Supp. 2d 288, 298 (W.D.N.Y. 2006)). Nor can the ALJ's error be said to be harmless, since a finding of "marked" limitations in any two or more functional areas would result in a finding of disability.

"Because the ALJ . . . failed to explain how [s]he gave "great weight" [to the teachers'] opinion, yet failed to accept [their] conclusion" that W.I.C.B. has serious or severe limitations in not one, but three functional areas, "the most prudent course of action is to permit the ALJ to revisit this matter to reassess" the claimant's limitations in those functional areas. *Sanders v. Astrue*, 2013 U.S. Dist. LEXIS 34956 at *18-*19 (W.D.N.Y. 2013).

The Court also notes that the ALJ's discussion appears to mischaracterize the findings of consulting psychologist Dr. Kavitha Finnity. Although the ALJ construed Dr. Finnity's report as showing marked limitations in only one area – attention and concentration – Dr. Finnity explicitly found that W.I.C.B. was markedly limited in the areas of attention and concentration, *and* "social behavior." (Dkt. #8 at 337). As a fair reading of Dr. Finnity's report suggests a possible marked impairment in the domain of interacting with others as well as attention and concentration, it should be reexamined on remand, as well.

**CONCLUSION**

For the reasons set forth above, the plaintiff's motion for judgment on the pleadings (Dkt. #12) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. #16) is denied, and the matter is remanded for further proceedings.  On remand, the ALJ is instructed to revisit her assessment of the claimant's limitations in the areas of caring for himself and attending and completing tasks, and to fully explain the evidentiary basis for her findings of "less than marked limitations" in those areas, particularly in light of the "great weight" given to the opinion of the claimants' teachers, the "partial" weight given to the opinion of Dr. Finnity, and the other evidence of record.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        July 18, 2018.